IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REND LAKE CONSERVANCY DISTRICT**,

**Plaintiff,**

**v.**                                             **No. 13-00771-DRH**

**SIEMENS WATER TECHNOLOGIES CORP.,
CDM SMITH INC., f/k/a CAMP DRESSER
& MCKEE INC., LANCE SCHIDEMAN, and
RANDY ROGERS,**


**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is plaintiff's motion to remand (Doc. 25). Defendants filed a joint response and plaintiff filed a reply (Docs. 48 & 54). Based on the following, the Court grants the motion to remand.

On June 21, 2013, plaintiff Rend Lake Conservancy District filed a fourteen count complaint against Siemens Water Technologies Corp., CDM Smith Inc., f/k/a Camp Dresser & McKee Inc., Lance Schideman and Randy Rogers in the Franklin County, Illinois Circuit Court (Doc. 2-1). Plaintiff's complaint contains claims of breach of contract, fraudulent misrepresentations, fraudulent concealment, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and negligent

misrepresentations.   This case arises out of the design, construction and sale of a water membrane filtration system for use in upgrading and expanding the Rend Lake Water Treatment Plant.    On July 30, 2013, defendant CDM Smith removed the case based on diversity jurisdiction, 28 U.S.C. § 1332, contending that defendants Schideman and Rogers, Illinois Citizens, are fraudulently joined and that their citizenships should be disregarded.   Thereafter, plaintiffs moved to remand arguing that Schideman and Rogers are not fraudulently joined, thus, this Court lacks subject matter jurisdiction over this case.

## II. <u>Analysis</u>

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal has the burden of establishing federal jurisdiction. *Id.*   "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,*

106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).   Here, the problem is that plaintiff, Schideman and Rogers are citizens of Illinois.1   Therefore, unless both Schideman and Rogers citizenships are disregarded, the Court does not have subject matter jurisdiction over plaintiff's claims.

A plaintiff may not sue a non-diverse "defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999) (*citing Gottlieb v. Westin Hotel,* 990 F.2d 323, 327 (7th Cir. 1993)). "Such joinder is considered fraudulent, and is therefore disregarded, if the [diverse] defendant can show there exists no 'reasonable possibility that a state court would rule against the [non-diverse] defendant.' " *Schwartz,* 174 F.3d at 878 (*quoting Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)); *see also Morris v. Nuzzo,* 718 F.3d 660, 671 n. 5 (7th Cir. 2013) ("We stick exclusively to our own 'any reasonable possibility' test in this opinion…."). A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos,* 959 F.2d at 73. The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs.,*

---

1 The Court notes that there is a discrepancy regarding Siemen Water Technologies Corp.'s citizenship that does not affect the Court's analysis.   The Notice of Removal states that Siemens Water Technologies Corp. is citizen of Delaware and Georgia and CDM Smith is a citizen of Massachusetts.   The complaint states that Siemens Water Technologies Corp. is a citizen of Massachusetts and Iowa.   The Court assumes the Notice of Removal is correct.

*Inc.,* 577 F.3d 752, 764 (7th Cir. 2009).

Here, plaintiffs allege multiple theories of liability against CDM Smith Inc. including breach of contract arising out of the design of a membrane filtration system to be used in expanding plaintiff's water treatment plant, and as a result of misrepresentations made to plaintiff by CDM Smith Inc. in connection with the project.    Plaintiff    also    alleges    fraudulent    concealment    and    fraudulent misrepresentations against Schideman and Rogers.   Specifically, plaintiff alleges that Rogers was employed by CDM Smith Inc. as Regional Manager acting on behalf of and at the direction of CDM and that Rogers made misrepresentations and concealed information from plaintiff in connection with changes that were made to the water filtration system after the filtration system failed to operate using the original water chemistry.   (Doc. 2-1 ¶ 118 and 121).   Similarly as to Schideman, plaintiff alleges that while he was acting as Lead Process Engineer on behalf of and at the direction of CDM Smith Inc., Schideman made misrepresentations and concealed information from plaintiff about membrane filtration systems, including Siemens   Water   Technologies   Corp.'s   product.     Plaintiff   also   alleges   that Schideman's misrepresentations and concealment caused it to enter into a contract with Siemens Water Technologies to purchase a membrane filtration system which proved   to   be   defective.     Defendants   maintain   that   the   allegations   against Schideman and Rogers have no reasonable possibility of success in Illinois state court as the allegations are (1) pled without the degree of specificity; (2) cannot meet

the requisite elements of a prima facie case for fraudulent misrepresentation and concealment; and (3) and seek purely economic relief in tort in violation of the *Moorman* doctrine.  The Court finds that defendants have not met their burden and rejects defendants' arguments.

The Court determines that the record does not support defendants' contention that there is no reasonable possibility that plaintiff could ever recover against Schideman and/or Rogers. Clearly, plaintiff's allegations inform defendants of the claims against them.  Moreover, the facts alleged by plaintiff allow for a reasonable inference that Schideman and Rogers made misrepresentations concerning an existing or known product.   Further, under Illinois law, exceptions to the economic loss doctrine, which precludes tort claims based on breach of contract facts when damages are purely economic, exist.   *See Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443(Ill. 1982).   These exceptions apply: (1) where a plaintiff sustained damage (personal injury or property damage) resulting from sudden or dangerous occurrence; (2) where party intentionally makes false representations; and (3) where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent misrepresentations. *Id*. at 451-453.   Plaintiff alleges that Rogers and Schideman made misrepresentations knowing them to be false, or with reckless disregard for the truth, and with the intention to induce plaintiff into acting.   At this stage of the litigation, the Court is required to resolve all issues of state law against removal.

Therefore, the Court finds that neither Schideman nor Rogers were fraudulently joined and, thus, the Court lacks subject matter jurisdiction.

### III. Conclusion

Accordingly, the Court **GRANTS** plaintiff's motion to remand (Doc. 25). Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** this case to the Franklin County, Illinois Circuit Court for lack of subject matter jurisdiction.   Further, the Court **DENIES** as moot the following pending motions (Docs. 4, 14, 20, 21, 29, 32 & 34).

**IT IS SO ORDERED.**

Signed this 7th day of November, 2013.

David R. Herndon
2013.11.07
16:21:05 -06'00'

**Chief Judge**
**United States District Court**